# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA STEWART and NICHOLAS A. STEWART,<br><br>Defendants. | Civil Action No. 5:19-CV-419-D |

## ORDER GRANTING FINAL DEFAULT JUDGMENT, DIRECTING PRUDENTIAL TO DEPOSIT FUNDS AND GRANTING INTERPLEADER RELIEF

The above entitled cause having come before the Court upon the Motion filed by Longleaf Law Partners, counsel for Plaintiff, The Prudential Insurance Company of America ("Prudential"), for entry of an Order: (1) granting final judgment by default against Defendant Nicholas A. Stewart; (2) directing Prudential to deposit certain life insurance benefits in the amount of $10,000, together with accrued claim interest ("Death Benefit"), if any, due as a result of the death of M.S., a minor, under a group life insurance policy issued by Prudential to the Department of Veterans Affairs of the United States, pursuant to the Servicemembers' Group Life Insurance statute, 38 U.S.C. § 1965, *et seq.*, under Group Policy Number G-32000 ("Group Policy"), into the Court's registry pursuant to Fed. R. Civ. P. 67, or in the alternative, directing Prudential to pay the death benefits to Defendant Jessica Stewart in light of Nicholas A. Stewart's default; and (3) granting Prudential interpleader relief, discharging Prudential from any and all liability with regard to the Group Policy and/or the Death Benefit at issue in this action

1

and dismissing Prudential from this action with prejudice, and the Court having considered the application,

**IT IS** on this ___25___ day of January, 2020,

**ORDERED** that:

1. Prudential's Motion for Default Judgment against Defendant Nicholas A. Stewart is hereby GRANTED.

2. Within twenty-one (21) days of Prudential's receipt of this Order, Prudential shall deposit with the Clerk of this Court the Death Benefit in the amount of $10,000.00, together with accrued claim interest, if any.

3. The Death Benefit as herein set forth shall be deposited by the Clerk into the Registry of this Court as soon as the business of this office allows, and the Clerk shall deposit these funds into the interest-bearing Disputed Ownership Fund ("DOF") established within the Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to this Court's Standing Order regarding Deposit and Investment of Interpleader Funds.

4. The Death Benefit so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further notice of this Court.

5. The Custodian shall deduct a miscellaneous schedule fee for the handling of those registry funds invested in interest-bearing accounts, as authorized by the Judicial Conference of the United States of 10% of the income earned on an account and any subsequent deposit of new principal while invested in C.R.I.S.

6. Upon the deposit of the Death Benefit with the Clerk of the Court, Prudential shall be, and hereby is, discharged from any and all liability to Nicholas A. Stewart and Jessica

Stewart, relating to the Group Policy and/or the Death Benefit payable thereunder and Nicholas A. Stewart and Jessica Stewart, be, and hereby are, permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum, arising out of or in connection with Prudential relating to the Group Policy and/or the Death Benefit.

7. All claims, rights, interests and actions that Nicholas A. Stewart and Jessica Stewart might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Group Policy and/or the Death Benefit are hereby released.

8. Prudential is hereby dismissed with prejudice from this litigation and without costs and all claims against Prudential are hereby dismissed with prejudice.

9. Counsel for Prudential shall serve a copy of the within Order upon all parties within 7 days of its receipt.

JAMES C. DEVER III
United States District Judge